UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Eastern District of Kentucky
**F I L E D**

FRANKFORT DIVISION
CASE NO. 17-CV _66 - 6FVT_

AUG 2 4 2017

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| AMY JERRINE MISCHLER, | ) |
|     Per discriminatory pro se local rule requirement | ) |
|     J.D. 2005, M.M.E. 1993, B.M.E. 1991 | ) |
|     1120 Palm Court | ) |
|     Okeechobee, Florida 34974 | ) |
|     863-763-6213 | ) |
|     Cell-863-801-1877 | ) |
|     ajmischler@yahoo.com | ) |
| | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| GOVERNOR MATT BEVIN, Official Capacity | ) |
|     **SERVE**: 700 Capital Avenue, Suite 100 | ) |
|     Frankfort, Kentucky 40601 | ) |
| | ) |
| STITES & HARBISON | ) |
|     **SERVE**: S & H LOUISVILLE, LLC | ) |
|     400 West Market St. | ) |
|     Suite 1800 | ) |
|     Louisville, Ky 40202-3352 | ) |
| | ) |
| ATTORNEY GENERAL ANDY BESHEAR, Official | ) |
|     **SERVE**: Office of the Attorney General | ) |
|     700 Capitol Avenue, Suite 118 | ) |
|     Frankfort, Kentucky 40601-3449 | ) |
| | ) |
| DEMOCRAT PIKE COUNTY ATTORNEY HOWARD KEITH HALL | ) |
|     Official and Individual Capacity as | ) |
|     a contractor and under authority of the Kentucky | ) |
|     Cabinet for Health and Family Services | ) |
|     **SERVE**: Office of the Attorney General | ) |
|     700 Capitol Avenue, Suite 118 | ) |
|     Frankfort, Kentucky 40601-3449 | ) |
| | ) |
| DEMOCRAT JUDGE JULIE PAXTON | ) |
|     Official capacity for factual findings | ) |
|     judicial negligence/misconduct | ) |
|     **SERVE**: Office of the Attorney General | ) |

700 Capitol Avenue, Suite 118 )
Frankfort, Kentucky 40601-3449 )
)
CHIEF JUSTICE JOSEPH LAMBERT )
    Official capacity for factual findings )
    judicial negligence/misconduct )
    **SERVE**: Office of the Attorney General )
    700 Capitol Avenue, Suite 118 )
    Frankfort, Kentucky 40601-3449 )
)
JUDGE/DEPUTY SECRETARY TIMOTHY FEELEY )
    Official and Individual Capacity )
    **SERVE**: Office of the Attorney General )
    700 Capitol Avenue, Suite 118 )
    Frankfort, Kentucky 40601-3449 )
)
JUDGE JOHN DAVID PRESTON )
    Official capacity for factual findings )
    judicial negligence/misconduct )
    **SERVE**: Office of the Attorney General )
    700 Capitol Avenue, Suite 118 )
    Frankfort, Kentucky 40601-3449 )
)
JUDGE JANIE WELLS )
    Official capacity for factual findings )
    judicial negligence/misconduct )
    **SERVE**: Office of the Attorney General )
    700 Capitol Avenue, Suite 118 )
    Frankfort, Kentucky 40601-3449 )
)
DEMOCRAT SENIOR JUDGE LEWIS NICHOLLS )
    Official capacity for factual findings )
    judicial negligence/misconduct )
    **SERVE**: Office of the Attorney General )
    700 Capitol Avenue, Suite 118 )
    Frankfort, Kentucky 40601-3449 )
)
SERVICE REGION ADMINISTRATOR SUSAN HOWARD )
    Official and Individual Capacity )
    **SERVE**: Office of the Attorney General )
    700 Capitol Avenue, Suite 118 )
    Frankfort, Kentucky 40601-3449 )
)
SERVICE REGIONAL ADMINISTRATOR ASSOCIATE )
DEBRA WILCOX-LEMASTER )
    Official and Individual Capacity )
    **SERVE**: Office of the Attorney General )

700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601-3449  )

KENTUCKY SOCIAL WORKER KATHY LARDER  )
    Official and Individual Capacity  )
    **SERVE**: Office of the Attorney General  )
    700 Capitol Avenue, Suite 118  )
    Frankfort, Kentucky 40601-3449  )

KENTUCKY SOCIAL WORKER DEBORAH WEBB  )
    Official and Individual Capacity  )
    **SERVE**: Office of the Attorney General  )
    700 Capitol Avenue, Suite 118  )
    Frankfort, Kentucky 40601-3449  )

KENTUCKY SOCIAL WORKER SHEREENA HAMILTON-SPURLOCKE  )
    Official and Individual Capacity  )
    **SERVE**: Office of the Attorney General  )
    700 Capitol Avenue, Suite 118  )
    Frankfort, Kentucky 40601-3449  )

KENTUCKY SOCIAL WORKER LATOYA JONES  )
    Official and Individual Capacity  )
    **SERVE**: Office of the Attorney General  )
    700 Capitol Avenue, Suite 118  )
    Frankfort, Kentucky 40601-3449  )

KENTUCKY SOCIAL WORKER WILMA TAYLOR  )
    Direct supervisor of Hamilton-Spurlocke  )
    Official and Individual Capacity  )
    **SERVE**: Office of the Attorney General  )
    700 Capitol Avenue, Suite 118  )
    Frankfort, Kentucky 40601-3449  )

KENTUCKY FSOS MIKE HARTLAGE  )
    Official and Individual Capacity  )
    **SERVE**: Office of the Attorney General  )
    700 Capitol Avenue, Suite 118  )
    Frankfort, Kentucky 40601-3449  )

KENTUCKY SOCIAL WORKER GWEN HATFIELD  )
    Official and Individual Capacity  )
    **SERVE**: Office of the Attorney General  )
    700 Capitol Avenue, Suite 118  )
    Frankfort, Kentucky 40601-3449  )

SELENA WOODY STEVENS  )

Individual Capacity Damages in amount of $1.00                    )
**SERVE**: 183 Whitman Way                                        )
Georgetown, KY 40324                                              )
                                                                  )
ASSISTANT ATTORNEY GENERAL JEFFREY PRATHER                        )
    Official and Individual Capacity           )
    **SERVE**:  Office of the Attorney General  )
    700 Capitol Avenue, Suite 118               )
    Frankfort, Kentucky 40601-3449              )
ASSISTANT ATTORNEY GENERAL CRAIG NEWBORN                          )
    Official and Individual Capacity           )
    **SERVE**:  Office of the Attorney General  )
    700 Capitol Avenue, Suite 118               )
    Frankfort, Kentucky 40601-3449              )
                                                                  )
DEPUTY GENERAL COUNSEL MONA WOMACK                                )
    Cabinet for Health and Family Services     )
    Official and Individual Capacity           )
    **SERVE**:  Office of the Attorney General  )
    700 Capitol Avenue, Suite 118               )
    Frankfort, Kentucky 40601-3449              )
                                                                  )
INTERNAL POLICY ANALYST II DEBBIE DILE                            )
    Cabinet for Health and Family Services     )
    Official and Individual Capacity           )
    **SERVE**:  Office of the Attorney General  )
    700 Capitol Avenue, Suite 118               )
    Frankfort, Kentucky 40601-3449              )
                                                                  )
DAVID ADAM (REPLACED BY ZACK OUSLEY)                              )
    Cabinet for Health and Family Services     )
    Official Capacity and Factual Findings     )
    **SERVE**:  Office of the Attorney General  )
    700 Capitol Avenue, Suite 118               )
    Frankfort, Kentucky 40601-3449              )
                                                                  )
JANE DOE [Unknown employees who destroyed records                 )
    and made false records]                    )
    Cabinet for Health and Family Services     )
    Official Capacity and Factual Findings     )
    **SERVE**:  Office of the Attorney General  )
    700 Capitol Avenue, Suite 118               )
    Frankfort, Kentucky 40601-3449              )
                                                                  )
EMILY GRAY-JONES                                                  )
    Cabinet for Health and Family Services     )
    Official Capacity and Factual Findings     )

Page **4** of 4

**SERVE:** Office of the Attorney General )
700 Capitol Avenue, Suite 118 )
Frankfort, Kentucky 40601-3449 )
)
DR. SALLY BRENZEL )
**SERVE:** 7980 New Lagrange Road )
Louisville, KY 40222 )

---

## VERIFIED COMPLAINT

---

Comes the Plaintiff, Amy Jerrine Mischler, Pro Se, and for her verified complaint against the Defendants, states as follows:

### INTRODUCTION

1) This is a civil action by the Plaintiff, pursuant to 42 U.S.C. Section 1983 to redress grievances by the Plaintiff for deprivation, under color of state law, of rights secured by the First, Fourth, Fifth, and Fourteenth Amendment of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. Section 1367 and supplemental jurisdiction of the state law claims to 28 U.S.C. Section 1367. This Court also has jurisdiction pursuant to 28 U.S.C. Section 1332 where the Plaintiff is domiciled in Florida.

2) This action also seeks injunctive relief against Governor Matthew Bevin to exercise his authority pursuant to KY Const. Section 81 that mandates enforcement of the written law.

3) The Plaintiff, Amy Jerrine Mischler (hereinafter "Ms. Mischler") is domiciled in the State of Florida since December 2010 with the original civil rights violations and criminal conduct against her taking place in the Commonwealth of Kentucky and continuing EVEN AFTER Ms. Mischler moved to Florida.

4) The Defendants, in part and whole committed a KY Criminal Felony in 2002 violating Ms. Mischler un-enumerated parental rights and right to access to the Courts with a judge with actual jurisdiction. In 2005 and further until 2016, the Defendants in part and in whole continued to deny redress of grievances, retaliate, create falsified documents, commit fraud upon the Federal Courts to cover up the discovery of the 2002, 2006, 2008, and 2013 criminal conduct of state actors.

## FACTS

5) On or about September 2002: Judge Julie Paxton, without subject matter jurisdiction or any legal authority signed an order in closed domestic violence cases 02-D-002-001 and 002 [Pike County KY]. That order is a KY Criminal Felony that constructive terminated Ms. Mischler parental rights and access to the Courts.[1]

6) On or about June 2005 until June 2006: Defendant Pike County Attorney Howard Keith Hall, under contract to the Cabinet for Health and Family Services refused to provide Ms. Mischler with services to set child support in her divorce case. The purpose was to obstruct the discovery of Paxton's felony by Ms. Mischler.[2] Hall filed documents to cover up his conduct which constitute a Kentucky criminal felony. Hall's refusal to fulfill contractual obligations to the Cabinet for Health and Family Services is criminal conspiracy to cover up Paxton's 2002 felony.

7) On or about April 2006: Defendant Pike County Department of Protection employee Shereena Hamilton Spurlock without legal jurisdiction and under false pretenses violated Ms. Mischler's 4th Amendment right to privacy of her home. Hamilton did this to spy on Ms. Mischlers home to Jonah Stevens, whom Hamilton was

---

[1] Paxton did this to benefit fellow Kentucky Bar Association member Jonah Stevens so he would not have to pay child support to Ms. Mischler.
[2] Howard Keith Hall is childhood friends with Jonah Lee Stevens, the father of Ms. Mischler's children.

undisclosed close friends with Stevens sister in law Defendant Selena Woody Stevens. The document that Hamilton required Ms. Mischler to sign is a KY Criminal felony by Hamilton. Hamilton had no lawful permission from her supervisors to investigate Ms. Mischler until October 2006. Hamilton-Spurlocke actions also constitute criminal conspiracy to cover up Paxton's 2002 actions.

8) Defendant Selena Woody Stevens conspired with Hamilton actions by communicating and coordinating between Shereena Hamilton-Spurlocke and Jonah Stevens to hide the conflict of interest Hamilton-Spurlocke had being friends with Stevens in laws.

9) On or about May 2006: Jonah Stevens filed a domestic violence petition against Ms. Mischler which did not have allegations of domestic violence. Paxton, made a finding of domestic violence against Ms. Mischler and ordered Ms. Mischler to supervised visitation without a factual finding in violation of KY Statute and Case Law.[3]

10) Paxton ordered Ms. Mischler to forced ordered "cooperate with the Cabinet for Health and Family Services" which was to allow Shereena Hamilton-Spurlocke access to Ms. Mischler to create false findings to cover up Paxton's 2006 and 2002 fraud.

10) On or about June 2006: Ms. Mischler contacted the Kentucky Attorney Generals Office to request investigation of the criminal actions against her by public officials. Assistant Attorney General Jeffrey Prather committed a KY Statutory Felony by stating on Kentucky Attorney General letterhead falsely that the Attorney Generals Office did not have jurisdiction over the Pike County Attorney. This is patently untrue as by statute, the Kentucky Attorney Generals Office has jurisdiction over county and

---

[3] Supervised visitation without a factual finding is a violation of Constitutional protections.

commonwealth attorneys through the Prosecutors Advisory Council which, by said statute the Kentucky Attorney General is the chair of.  Prather wrote a letter to Howard Keith Hall informing him of Ms. Mischler's request and that the Kentucky Attorney Generals Office would *"assist Hall in any way"*.

10)  On or about June 2006:  Defendant Hall, assured by the KY Attorney Generals Office that he could retaliate against Ms. Mischler.  Defendant Hall then typed up a warrant for Ms. Mischler's arrest that did not have allegations of jurisdiction within Pike County and was subsequently dismissed and denied a true bill indictment by the Pike County Grand Jury when it was finalized.  This was the first business day after receiving the Prather letter.

11)  On or about June/July 2006:  Judge Julie Paxton issued a hearing notice requiring Ms. Mischler to go to Eastern KY.

12)  Ms. Mischler terrified of the carbon copy letter that the Kentucky Attorney General had issued to Hall; was unware that there was warrant for her arrest.  Her sister, Cabinet Employee Sandra Faye Mischler-Mader made Ms. Mischler aware of the hearing of which she would not be aware of since Ms. Mischler would not have received notice.

13)  Judge Julie Paxton had her baliff arrest Ms. Mischler at the hearing.

14)  Judge Julie Paxton conspired with Defendant Hall and Jonah Stevens to have Ms. Mischler arrested as documented by the handwritten notes of the GAL secretary that were entered into the record.  Paxton was informed of the arrest by Stevens attorney Kim Thompson.

15)  Defendant Hall allowed private citizen Jonah Stevens to act as the criminal prosecutor with Stevens communicating with Ms. Mischler's public defender Steven

Goble to negotiate a diversion agreement.  Goble never informed Ms. Mischler of this and it was only discovered through open records to the public defenders office which had fax reports and proposed diversion agreements between Hamilton and Stevens PLLC, where Stevens worked and the Public Defenders Office.  The diversion agreement was written in such a way to influence future child custody proceedings and so open ended that a speeding ticket would cancel the agreement.  Ms. Mischler refused.

16)  On or about August and September 2006:  Ms. Mischler contacted the Secretary for the Cabinet for Health and Family Services and the Commissioner for DCBS requesting investigations.

17)  On or about August/September and December 2006:  Cabinet employee Defendant Debbie Dile was assigned.  Dile, as one report indicated was answering to Defendant Mona Womack.  Dile falsified both reports, which each report contradicting itself of the events and dates.  Defendants Dile and Womack were fully aware that Defendant Hamilton-Spurlock had violated Ms. Mischler's 4th Amendment right in 2006.  In criminal conspiracy, Defendants Dile and Womack, out of their Frankfort office directed Howard, Wilcox-LeMaster, Larder, Deborah Webb, Jones, Taylor, Hartlage, Hatfield Mischler-Mader,  and Hamilton-Spurlock to falsify Cabinet records, to create cases, refuse to provide services, and any way retaliate against Ms. Mischler to hold as leverage against her if Ms. Mischler discovered the 4th Amendment violation.

18)  On October 2006:  Defendant Hamilton-Spurlock, in criminal conspiracy with Womack, Dile, Howard, Wilcox-LeMaster, Larder, Webb, Taylor, and Hatfield created two false child substantiations against Ms. Mischler with multiple false entries into the child protective system computer records.

19)   As part of the criminal conspiracy, Defendant Mona Womack ordered Defendant Hamilton-Spurlock to deny giving Ms. Mischler due process notice required under Kentucky regulations to be sent to Ms. Mischler as certified mail.

20)   On or about November 2006:  Cabinet Employee/Sister Mischler-Mader called Amy Mischler from her employment and said that Hamilton-Spurlocke was going to come to Ms. Mischler's private residence and they were all going to get together to develop a case plan.  Mischler-Mader falsely told Ms. Mischler it was a requirement due to Paxton ordering Ms. Mischler to cooperate with the Cabinet.  This was all a ruse.

21)  Ms. Mischler HAVING NO KNOWLEDGE OF THE SUBSTANTIATIONS OF CHILD ABUSE, signed the "case plan" along with Mischler-Mader, Spurlocke-Hamilton with Hatfield being present.  This was all a fraud to make it seem as if Ms. Mischler had received due process notice of the child abuse substantiations.  It is a further of the conspiracy started by Judge Paxton to order Ms. Mischler to cooperate with the Cabinet in order for the Cabinet to create false and misleading statements to support Paxton's illegal actions which started in 2002 and continued.

22)  On or about Fall 2006:  All hard copies of Ms. Mischler DCBS records were destroyed which is a criminal Felony by unknown individuals.  Dile notated the destruction of Ms. Mischler's records but took no action to start a criminal investigation.

23)   On or about Fall 2006:  Ms. Mischler requested Chief Justice Joseph Lambert to investigate Paxton.  Ms. Mischler has also written complaints against Paxton on various to the Judicial Conduct Commission.  The JCC said all of Paxton's actions were in good faith all the while knowing, or should have been knowing

23)  On or about December 2007:  Judge John David Preston knowing that Ms. Mischler was on supervised visitation without a factual finding in violation of KY Statute

and Ms. Mischler's constitutional rights; ordered to continue be on supervised visitation without a factual finding. Judge Preston was fully aware of Judge Paxton misconduct having issued an order vacating Paxton's order stating that Paxton issued a domestic violence on a petition that failed to state allegations of domestic violence.

24) Judge Preston passed the case on to Judge Judge Janie Wells.

25) Judge Janie Wells continued to keep Ms. Mischler on supervised visitation without a factual finding.

26) On or about March 2006: an anonymous poster wrote a comment that when the Judge found out about Ms. Mischler's child abuse that it would affect the ongoing child custody proceedings between Ms. Mischler and Jonah Lee Stevens.

27) Ms. Mischler investigated and then discovered that per regulations that she was required to receive a findings letter from Defendant Hamilton-Spurlock from the April 2006 visit to Ms. Mischler's home. Ms. Mischler then requested a findings letter.

28) Jane Doe upon receipt of Ms. Mischler's request then unsubstantiated a child protective findings leaving the first one. Then Hamitlon-Spurlock only sent notice of the single substantiation of child abuse.

29) Ms. Mischler appealed the single substantiation of child abuse that she received due process notice of.

29) Attorney David Adams [Replaced by Zack Ousley] maliciously prosecuted Ms. Mischler in the administrative proceeding knowing full well that Hamilton-Spurlocke violated Ms. Mischler's 4th Amendment right and instituted baseless charges against Ms. Mischler as leverage to prevent the discovery of the April 2006 constitutionial violation.

30)   The Cabinet for Health and Family Services conducted coercive administrative proceedings on or about May/June 2007 with having an armed law enforcement present to intimidate Ms. Mischler.  The air conditioner was turned off and the windows did not open with the prosecutor, administrative judge and Ms. Mischler profusely sweating and irritable.  Ms. Mischler was offered a settlement to waive all rights to sue in return for not having the proceeding with single substantiation to be dismissed before the hearing took place.

31)   Ms. Mischler won the administrative hearing of the single substantiation against her.

32)   Jane Doe, a cabinet employee then reinstated the second substantiation against Ms. Mischler in the official cabinet records.

33)   Defendants Susan Howard Latoya Jones refused to provide services to Ms. Mischler when Ms. Mischler requested to receive counseling for the severe stress she was under.

34)   Ms. Mischler won a second administrative hearing against the Cabinet for Health and Family Services for failing to provide services.

35)   Susan Howard closed out Ms. Mischler's case without ever providing Services and without ever admitting that Hamilton-Spurlocke had violated Ms. Mischler 4th Amendment right or that every record at the Cabinet for Health and Family Services about Ms. Mischler was furtherance in the fraud to coverup said 4th Amendment violation.

36)   Defendant Emily Regenea Jones-Gray created records stating that Ms. Mischler was still a substantiated child abuser under Jonah Stevens records.  Jane Doe, her supervisor had to sign off on the finalization.

37) Hamilton-Spurlock in conspiracy with the Selena Woody Stevens and Bernadean Dotson Stevens to place false statements in Ms. Mischler's TWIST records to defame Ms. Mischler and influence private child custody. Hamilton-Spurlock wrote that Ms. Mischler put feces in a bag and sent it to Pikeville. She continued to write that Ms. Mischler was emotionally abusing the children.

38) Judge Janie Wells stepped away from the bench during a hearing to call the Administrative Office of the Courts to advise who to do a child custody evaluation in the private child custody case between Ms. Mischler and Jonah Lee Stevens. Judge Wells did not inform either party that received the recommendation from AOC to have Dr. Sally Brenzel do a child custody evaluation.

39) Dr. Sally Brenzel, never disclosed her conflicts of interest of contracting with both the Administrative Office of the Courts and the Cabinet for Health and Family Services.

40) Judge Wells recused and according to one court order, Senior Judge Lewis Nicholls was assigned by the senior chief judge and according to a different order signed by Judge Nicholls, he was personally assigned by Chief Justice Lambert.

41) Judge Nicholls continued to keep Ms. Mischler on supervised visitation without a factual finding. Ms. Mischler filed court documents demanding a factual finding and that KY case law and statute required a factual finding. Judge Nicholls ignored those documents and refused to allow Ms. Mischler to appeal.

42) Ms. Mischler issued a subpoena to Judge Julie Paxton to testify about what, if any jurisdiction Paxton had in all of Ms. Mischler's cases.

43) Chief Justice Lambert and the Administrative Office of the Courts hired the Kentucky Attorney General to defend and quash Paxton's subpoena.

44) Judge Paxton was represented by assistant attorney general Craig Newbern who untimely filed the motion to quash the day before the hearing. Ms. Mischler had to argue pro se against the motion to quash without EVEN A COPY of the motion. Judge Nicholls, quashed Paxton's subpoena knowing that she had illegally and in violation change child custody without subject matter jurisdiction in the closed domestic violence case in 2002 and that, that fraud upon the court had never been addressed causing an avalanche of judicial negligence and legal misconduct.

38) Defendant Dr. Sally Brenzel, who privately contracts with both the Administrative Office of the Courts and the Cabinet for Health and Family Services then wrote a child custody report based on the Cabinet for Health and Family Service records. And although Ms. Mischler told Dr. Brenzel those records were inaccurate, and fraudulent since Ms. Mischler won an administrative hearing: Dr. Brenzel relied on the later falsified 2008 records that continue to state that Ms. Mischler was a child abuser.

39) Defendant Dr. Brenzel, created a false narrative that Ms. Mischler was mentally ill due to Ms. Mischler's belief that the Cabinet had acted maliciously and fraudulently against Ms. Mischler.

40) Defendant Dr. Brenzel, refused to disavow her child custody evaluation that was almost solely based on the written records of Defendant Hamilton-Spurlocke and Jones-Gray even after Ms. Mischler showed Dr. Brenzel that Jonah Stevens stating Ms. Mischler was a substantiated child abuser were falsified and that Ms. Mischler had been cleared of all allegations.

41) Defendant Dr. Brenzel, without stating what harm Ms. Mischler could cause her children; stated in her report that Ms. Mischler should be on supervised visitation. Dr. Brenzel, whose entire practice involved child custody law knew that KY law and case

required a factual finding of harm or threat of serious harm and that her report that Ms. Mischler was paranoid about the Cabinet was insufficient to support such.

41) Judge Nicholls, relying 100% on Dr. Brenzel's report, based substantially on falsified Cabinet for Health and Family Services records; continued Ms. Mischler on supervised visitation without stating what harm Ms. Mischler had done or substantial threat of harm Ms. Mischler caused her children.

42) Ms. Mischler attempted to get redress through the Courts.

43) The Administrative Office of the Courts hired the law firm of Stites & Harbison PLLC to defend Ms. Mischler's actions in Federal Court.

44) Stites & Harbison PLLC, know fully well that Ms. Mischler's parental rights were violated by state judicial actors but continued to defraud the KY tax payers in the amount of $40,000 on the basis that they could get away with it because of the Beshear family influence upon both the state and federal courts of Kentucky. Steve Beshear was the Governor during some of the action while his son was employed with Stites & Harbison PLLC. Steve Beshear is now employed with Stites & Harbison while his son is Attorney General of Kentucky.

45) Stites & Harbison WAS FULLY AWARE OF THE CRIMINAL ACTS ALLEGED WITHIN BY STATE ACTORS and took no action.

46) Stites & Harbison fully well know that the Kentucky Supreme Court is retaliating against Ms. Mischler by refusing to act on four cases from 2014.

47) Stites & Harbison is fully aware that the prior senior judge program allowed the Chief Justice to give bribes to senior judges to "bury and obstruct" cases that involved judicial misconduct.

48) <u>Chief Justice Lambert bribed Judge Lewis Nichols</u> per provision in the senior judge administrative order kept secret from the public; Judge Nichols did not have to work the required amount of time to receive the extra judicial retirement in return for obstructing and delaying Ms. Mischler's case to cover up the Paxton 2002 order issued without subject matter jurisdiction and thus always subject to review.

49) Chief Justice Minton knew about the bribe that Chief Justice Lambert gave to Judge Nichols to obstruct Ms. Mischler's cases.  Chief Justice Minton then hired Stites & Harbison PLLC due to their political connection to the Beshear family to hide forever that senior judges were receiving bribes via the secret senior judge administrative order.

50)  Debbie Dile and non-deffendant Cabinet Employee/Sister Sandra Faye Mischler-Mader falsified, influenced, and obstructed Cabinet investigations of misconduct in return for receiving better employment positions within the Cabinet for Health and Family Services.

51)  Ms. Mischler attempted to get First Amendment redress of grievances through the Cabinet for Health and Family Services and was told to communicate with Deputy Secretary former Judge Timothy E. Feeley.  Deputy Secretary Feeley outright refused to give Ms. Mischler any 1st Amendment Redress of Grievances in a letter dated August 25, 2016.

52) Ms. Mischler's youngest son turns 18 on August 22, 2017.

53)  Jane Doe destroyed Ms. Mischler's records a second time [2013],  at the Cabinet for Health and Family Records though such records are required per Federal Regulations to be maintained for twenty five years.

54) Jane Doe after 2008 and before 2013 created a new child abuse investigation against Ms. Mischler that supposedly occurred in 2002. No such child abuse investigation took place in 2002 according to both Ms. Mischler records and Jonah Stevens records.

<u>COUNT I</u>

<u>FRAUD: 4th Amendment Violation</u>

55) KRS 413.120(11) actions to be brought within five years; An action for relief or damages on the ground of fraud or mistake.

55A) The Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 54 above, as if fully stated herein.

56) Ms. Mischler did not discover the 4th Amendment Violation because Mona Womack and the General Counsel withheld the Face Case Summary which states when a social worker has approval to investigate. David Lovely gave Ms. Mischler a copy of the Face Case Summary in 2016.

57) The 4th Amendment violation and the subsequent conspiracy to retaliate, obstruct discovery, and otherwise harass Ms. Mischler to prevent discovery of the 4th Amendment violation falls under fraud.

58) The elements of Fraud in Kentucky: "(1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention of inducing plaintiff to act, or that it should be acted upon by the plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that plaintiff thereby suffered injury." Cresent Grocery Co. v. Vick, 240 S.W. 388, 389 (Ky. 1922); see

also Progressive Specialty Ins. Co. v. Rosing, 891 F. Supp. 378, 379 (W.D. Ky. 1995); Keeneland Ass'n, Inc. v. Eamer, 830 F. Supp. 974, 993 (E.D. Ky. 1993).

59)     Defendant Hamilton-Spurlocke in April 2006, made a material representation to Ms. Mischler that she had jurisdiction to investigate Ms. Mischler for child abuse.  Hamilton-Spurlocke knew that representation was false and that she had no permission from her supervisors to investigate Ms. Mischler and there was no call. Hamilton-Spurlocke knew when she told Ms. Mischler there was an allegation of child abuse she was investigating, that it was false and she made it with the intention of Ms. Mischler to allow Hamilton-Spurlock to enter her home to inspect.

60)  Ms. Mischler has acted under the false belief from 2006 and 2016 that Hamilton-Spurlocke had jurisdiction.   Ms. Mischler has suffered injury where Hamilton-Spurlocke and other Defendants creating an entire false entries of child abuse to OBSTRUCT Ms. Mischler from finding out about the 4th Amendment violation including administrative proceedings that were coercive and brought under false pretenses.

61) Each act by the Cabinet and Defendants has been in *furtherance of the fraud* including Deputy Secretary Feeley denying Ms. Mischler any redress of grievances even though she had only discovered the fraud.

62)  Dr. Brenzel first participated in the furtherance of the fraud by failing to address in her report that the Cabinet records conflicted with each other on whether the Cabinet still held out that Ms. Mischler was a substantiated child abuser.  Dr. Brenzel further participated in the furtherance in the fraud when she failed to disavow her report when shown absolutely that the 2008 Cabinet record was false against Ms. Mischler.

COUNT II

FRAUD: PURPOSEFULLY FALSIFIED DOCUMENTS TO BE USED IN A COURT

PROCEEDING ADJUDICATING FUNDAMENTAL RIGHTS

63. The Plaintiff incorporates each and every allegation set forth in Paragraphs 1 through 62 above, as if fully stated herein.

64. Defendant Emily Jones-Gray and Shereena Hamilton-Spurlocke with full knowledge by other Defendants within the Cabinet made false material representations in Cabinet records that they knew was false.

65. Jones-Gray and Hamilton-Spurlocke made Cabinet records recklessly knowing it was false with intention of having Ms. Mischler being forced to used such records against her will in child custody proceedings by a child custody evaluator, and the child custody evaluator and the judge acted in reliance upon these falsified records by Jones-Gray and Hamilton-Spurlocke.

66. Ms. Mischler's child custody rights were denied on the basis of the false reports.

67. Ms. Mischler was not given the Jones-Gray falsified state document until 2016. Ms. Mischler protested the use of the documents by Hamilton-Spurlocke to Defendant Dr. Brenzel who stated that Ms. Mischler was mentally ill because she doubted the accuracy and intention of Hamilton-Spurlockes records.

68. Where Hamilton-Spurlocke never put upon the record she had a conflict of interest being friends with the Stevens family and committed a 4th Amendment Violation; Ms. Mischler was harmed by the lack of disclosure.

COUNT III

Civil Rights Violation:  Constructive Termination of Parental Rights

69. The Plaintiff reiterates every paragraph herein from 1 to 68 fully.

70. Judge Paxton, having no legal authority, but under color of law, deprived Ms. Mischler of her un-enumerated parental civil rights on September 2002 in violation of Kentucky Statutes, case law, and the United States Constitution.

71. Thereafter, the Defendants in furtherance of Paxton's fraud used the legal and child protective systems maliciously against Ms. Mischler to keep the constructive termination of parental rights in place until today.

72. Judicial Defendants listed herein, had a duty to address Paxton's lack of subject matter jurisdiction and chose to be willfully blind to continue the discrimination conduct against Ms. Mischler.

73. Kentucky Attorney General OBSTRUCTED JUSTICE by entering Ms. Mischler's private child custody case to quash Paxton's testimony which would have shown she did not have subject matter jurisdiction.

74. Chief Justice Lambert, bribed Judge Nichols within the provisions of the senior judge program to deny Ms. Mischler redress in return for not having to work the required hours of the program.

75. Chief Justice Minton, knew about the bribe to Judge Nichols and took no action to restore Ms. Mischler's parental rights.

76. Stites & Harbison PLLC, knew that Paxton had no jurisdiction on September 2002 and committed a felony but financially profited to the tune of $40,000 to represent Paxton, Lambert, Minton in others in Federal Court when Ms. Mischler sought redress.

## COUNT IV

### First Amendment Violation

77. Governor Matt Bevin made two promises. The first promise was to clean up the KY Cabinet for Health and Family Services Child protective services. The second was to Senator Rand Paul [I have the email] that the Bevin Administration would investigate Ms. Mischler's and others allegations.

78. Ms. Mischler has a civil right fully enumerated under the First Amendment of the Constitution for redress of grievances. That is when a state actor harms her; she has a right for the state to accept and in some form, address the grievance.

78. Ms. Mischler attempted to get her First Amendment Redress of Grievances but was denied an administrative hearing by the Cabinet.

79. She was then denied ALL REDRESS in a letter by Deputy Secretary Timothy Feeley who said no investigations would take place, not even of the newly discovered information she received in 2016.

## COUNT V

### INJUNCTIVE RELIEF

80. Ms. Mischler requests injunctive relief against Governor Matt Bevin to take all necessary actions, MANDATED BY THE KY CONSTITUTION TO ENFORCE THE LAW. including calling for a special prosecutor not assigned by Attorney General Beshear; to investigate the Kentucky Judicial System using tax dollars in the amount of $40,000 to the law firm of Stites & Harbison to cover up bribery within the Kentucky Court system.

81. Ms. Mischler requests injunctive relief against Governor Matt Bevin to take all necessary actions, MANDATED BY THE KY CONSTITUTION, to remove all false

records within the Cabinet for Health and Family Services that continue to state that Ms. Mischler is a substantiated child abuser and an executive order allowing her to have administrative hearings against the state actions listed herein within the Cabinet.

82. As a direct and proximate result of the aforementioned conduct, Ms. Mischler has suffered great emotional distress, humiliation and grief almost unto death being denied her children, all of which exceed the jurisdictional amount of this Court.

WHEREFORE, the Plaintiff, Amy Jerrine Mischler, DEMANDS THE FOLLOWING:

1. That she be awarded general and compensatory damages,

2. That she be awarded punitive damages in the amount of 10% of the Federal Funding received by the Cabinet, AOC, and the Attorney Generals Office for each year she suffered denial of her rights and children in according to the programs KY defrauded in its Federal Contract;

3. For her costs herein incurred, including reasonable attorney fees if relevant,

4. For a trial by jury on all issues so triable; and

5. For such other relief as she may appear entitled,

Pursuant to 28 U.S. Code § 1746, I, Amy Mischler declare under penalty of perjury that the foregoing is true and correct as the best of my ability.

8/24/17
Date

Respectfully submitted,

Amy Mischler, Pro Se
J.D. 2005, M.M.E. 1993, B.M.E. 1991
1120 Palm Court