UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
17-CV-66-GFVT



AMY JERRINE MISCHLER

v.

GOVERNOR MATT BEVIN, et al.

\*\*\*\*\*\*\*

MOTION FOR RELIEF FROM ORDER [Doc# 25]
PURSUANT TO FRCP 60(b)(1)

\*\*\*\*\*\*\*

With great respect for the District Court, the Plaintiff requests the District Court to vacate

order in Docket 25 due to a serious error interpreting the rule of law.[1] The Plaintiff is very sorry

to have to file this motion but is required to do to protect her own due process rights.

Federal Civil Rule of Procedure 60(b)(1) allows a Federal Court to grant relief from an

order on the grounds of mistake.

---

[1] Judge Van Tatenhove is responsible for the mistakes made by his unnamed law clerks who presumably drafted the order. Ms. Mischler has shown that the Kentucky federal and state proceedings can be tainted through undisclosed conflicts of interest of law clerks, namely Larrin Thompson, a former federal law clerk in the Eastern District of Kentucky influencing state proceedings to protect her father a state court judge. In the Eastern District of Kentucky and the Sixth Circuit of the United States it has been ruled through omission that law clerks can have conflicts of interests in proceedings and that it does not violate the due process and equal protection under the law of the litigants in those proceedings. *Thus, while Ms. Mischler does not believe that Judge Tatenhove would make such glaring error* as was made in the order in Docket 25: Judge Van Tatenhove is still, however responsible for the mistakes, so outrageous as to be intentional by his law clerks and signed into an order by him. Term law clerks who only work for a Federal Judge or Magistrate for two years can be tempted to obstruct justice by future job offers. This action is alleges obstruction of justice in the state court proceedings. As was seen in the notorious Eric C. Conn criminal case, even federal judges can be tempted to obstruct proceedings. Therefore, any reasonable person could believe that the integrity of the unnamed law clerks in this action could be compromised to misrepresent the black and white rule of law. Larrin Thompson, was not only a law clerk for the EDKY, but for the Kentucky Attorney Generals Office and for two different Kentucky Supreme Court Clerks. It is unknown the outcome of Larrin Thompsons two separate arrests for DUI in September 2016 in Boyd County Kentucky.

**Page 1 of 3**

The District Court made a mistake of law which requires it the grant relief to the Plaintiff. Further, there are omissions by the Court by refusing to address the Plaintiffs arguments of past conduct. Please read footnote 1 in its entirety.

## MISTAKE OF ESTABLISHED RULE OF LAW

The District Court used Ky. CR 4.04(7) to deny the Plaintiff's motion in docket 25.

Ky. CR 4.04(7) only applies to "County Judges" as found in K.R.S. 67.710. NONE OF THE DEFENDANTS are county judges.[2] Therefore, Kr. CR 4.04(7) does not apply.

Specifically, Defendants Nicholls, Paxton, Preston, and Janie Wells are circuit judges found under K.R.S. 23A.030. Former Chief Justice Lambert was an elected Justice for the Supreme Court found under K.R.S. 21A.020.

Defendants Nicholls, Paxton, Preston, Wells and Lambert were only sued in their official capacity due to judicial immunity. Suing an official in only their official capacity creates a legal fiction when in reality it becomes a lawsuit against the Commonwealth of Kentucky. Thus, Ms. Mischler properly had them served at the Kentucky Attorney Generals Office under Ky. CR. 4.04(6) of which the Kentucky Attorney Generals Office in violation of Kentucky law refused to accept service.

## OMISSION: FAILURE TO ADDRESS

Ms. Mischler gave evidence to the District Court that the Kentucky Attorney Generals Office has in the past accepted service of defendants, including state employees sued in their individual capacity. The District Court NEVER ADDRESSED THIS in its order.

---

[2] See Exhibit 1 attached of the duties and descriptions of a County Judge or County Judge Executive as the position is commonly called. See Exhibit 2 of how a circuit judge is different than a county judge.

## CONCLUSION

Wherefore, the District Court made a material mistake interpreting Ky. CR 4.04(7) to apply to Defendants who were never county judges as found in K.R.S. 67.710 but who were properly served under Ky. CR 4.04(6). This material mistake of law has harmed the Plaintiff monetarily and caused her to lose faith the neutrality, fairness and due diligence of the Federal District Court.

Thus is it proper for the District Court to vacate its order Docket 25 pursuant to FRCP 60(b)(1) and (6) to 1) correct its order, 2) address its omission of past conduct of the AG, and 3) grant an additional extension of time to correct in part, the harm done to the litigant to correct the court in its error.

Respectfully submitted,

Amy Mischler, Pro Se
J.D. 2005, M.M.E. 1993, B.M.E. 1991
1120 Palm Court
Okeechobee, Florida 34974
ajmischler@yahoo.com

Certificate of Service
I certify that the following have been served on this date, December 16, 2017 through the United States Postal Service to the following: Selena Stevens, 183 Whitman Way, Georgetown, KY 40324, Marc Farris For Andy Beshear, Craig Newborn, Jeffrey Prather, 700 Capital Avenue, Suite 118, Frankfort, KY 40601, Brent Irvin for Matt Bevin, Debbie Dile. Timothy Feeley, Emily Gray-Jones, Shereena Hamilton-Spurlocke, Gwen Hatfield, Susan Howard, Latoya Jones, Kathy Larder, Zack Ousley, Wilma Taylor, Deborah Webb, Janie Wells, Debra Wilcox-Lemaster, Mona Womack Cabinet for Health & Family Services, Office of Legal Services, 275 E. Main Street, 5W-B, Frankfort, KY 40621, Andrew Douglas Pillino for Dr. Brenzel, O'Bryan, Brown & Toner, 401 S. Fourth Street, Suite 2200, Louisville, KY 40202, Douglas Farnsley, Stites & Harbison, PLLC, 400 W. Market Street, Suite 1800, Louisville, KY 40202 as according to the Parties listing printed from PACER on 12/15/2017