UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| AMY JERRINE MISCHLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:17-cv-00066-GFVT |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MATT G. BEVIN, in his official capacity as | ) | |
| Governor of Kentucky, et al. | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Mischler's Motion for Recusal pursuant to 28

U.S.C. § 144.  [R. 50.]  Under § 144, whenever a party to a proceeding in district court makes a

motion and files a sufficient affidavit "that the judge before whom the matter is pending has a

personal bias or prejudice either against him or in favor of any adverse party," the judge must

recuse.  A party may only file one of these motions in any case, and that motion must be

accompanied by a certificate from the counsel of record stating that the motion was made in

good faith.  28 U.S.C. § 144.  In these situations, recusal is not subjective and is required "if a

reasonable, objective person, knowing all of the circumstances, would have questioned the jude's

impartiality."  *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990).

Ms. Mischler filed her motion and affidavit simultaneously.  [R. 50; R. 50-1.]

Proceeding as a *pro se* plaintiff, Ms. Mischler indicated, "The certification that this motion is

filed in good faith is sworn on the attached affidavit."  [R. 50 at 2.]  However, the affidavit

contains no such certification.  Therefore, because Ms. Mischler has not complied with the

statutory requirement, the motion must be denied.  *Scott v. Metropolitan Health Corp.*, 234 F.

App'x 341, 352–53 (6th Cir. 2007).

However, even if this Court construes Ms. Mischler's final statement as proper

certification, her motion still fails.  The only evidence Ms. Mischler supplies of personal bias are

this Court's previous rulings in the case.  It is well established that personal bias cannot arise

from the Court's view of the law, and "judicial rulings along almost never constitute a valid basis

for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  A showing of

prejudice is not sufficient merely by pointing to allegedly erroneous judicial rulings.  *United*

*States v. Anderson*, 84 F. App'x 513, 516 (6th Cir. 2003); *see also, Traficant v. Comm'r*, 884

F.2d 258, 267 (6th Cir. 1989).  Therefore, Ms. Mischler's assertion that previous orders of this

Court demonstrate personal bias does not form a valid basis for a motion pursuant to 28 U.S.C.

144.  Accordingly, and the Court being sufficiently advised, Plaintiff's Motion for Recusal under

28 U.S.C. § 144 is hereby **DENIED**.

This the 2d day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge

2