UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| AMY JERRINE MISCHLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:17-CV-00066-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| MATTHEW G. BEVIN, in his official capacity as Governor of the Commonwealth of Kentucky, et al., | ) ) ) | **ORDER** |
| Defendants. | | |

***   ***   ***   ***

Ms. Mischler brings this present action for allegations of fraud and violations of various constitutional rights. However, this action is simply Ms. Mischler's latest attempt to challenge the domestic relations and custody orders entered against her nearly ten years ago. She sues over twenty defendants, most of which have filed motions to dismiss claiming the action is barred by immunity and/or the applicable statutes of limitations. For the foregoing reasons, these defendants' motions to dismiss are **GRANTED**. Additionally, several defendants have requested sanctions against Ms. Mischler. These motions are also **GRANTED**.

**I**

In the past twenty years, Ms. Mischler has spent a considerable amount of time in federal and Kentucky state courts.[1] Beginning in 2001, Ms. Mischler and her ex-husband, Jonah Stevens, initiated divorce proceedings. At the time, Mr. Stevens was an attorney and a member of the Kentucky Bar Association. Upon separation, they agreed to share joint custody of their

[1] The entire story is lengthy. Because the facts have been recited numerous times in the many chapters of this litigation, the Court declines to reproduce the entire version here. *See, e.g.*, *Mischler v. Lambert*, No. 3:08-cv-231-M, 2008 WL 4327444 (W.D. Ky. Sept. 19, 2008); *Mischler v. Stevens*, No. 7:13-CV-08-TWP, 2014 WL 1378805 (E.D. Ky. April 8, 2014); *Mischler v. Clary*, No. 3:13-CV-26-TWP, 2016 WL 3849817 (E.D. Ky. July 11, 2016).

two children, but in 2002, each alleged domestic violence and filed two petitions seeking emergency protection from one another in Pike County Circuit Court before Judge Thompson. Judge Thompson recused himself from the matter and Floyd County Family Court Judge Julie Paxton was appointed Special Judge without objection from either Mr. Stevens or Ms. Mischler. In September of 2002, Judge Paxton granted temporary custody to the children's grandmother, Mr. Stevens's mother, and dismissed the two pending domestic violence petitions. Neither Ms. Mischler nor Mr. Stevens appealed this order, though Ms. Mischler now believes Judge Paxton lacked jurisdiction to hear her domestic proceedings.

Four years later, in the spring of 2006, Mr. Stevens filed another domestic violence petition against Ms. Mischler. Judge Thompson again recused himself, and Judge Paxton was again appointed as Special Judge. This time, Judge Paxton granted Mr. Stevens's petition, entering a domestic violence order against Ms. Mischler and awarding temporary custody of the children to Mr. Stevens. Ms. Mischler was granted supervised visitation rights and ordered to cooperate with the Kentucky Cabinet for Health and Family Services (CHFS). Ms. Mischler fought the issuance of the domestic violence order, even requesting Chief Justice Joseph Lambert and the Kentucky Judicial Conduct Commission investigate Judge Paxton for misconduct. Special Judge John David Preston was appointed to review Judge Paxton's order, ultimately agreeing with Ms. Mischler and vacating the order on December 12, 2006.

During this time, the divorce of Mr. Stevens and Ms. Mischler was still pending and involved a complicated custody battle. Employees of CHFS investigated Ms. Mischler after the allegations of domestic violence, and Judge Preston ordered Ms. Mischler continue supervised visitation with her children. He thereafter transferred the case to Judge Janie Wells for final

determination. Judge Wells ordered Dr. Brenzel to complete a custodial evaluation for Ms. Mischler, which included review of CHFS records of domestic violence allegations. Judge Wells recused herself prior to final determination, and Senior Judge Lewis Nicholls was appointed Special Judge. Finally, in 2009, Judge Nicholls finalized the divorce and awarded Mr. Stevens full custody.

Before the divorce was final, on April 30, 2008, Ms. Mischler filed suit in the Western District of Kentucky, Louisville Division, against Chief Justice Joseph Lambert, Judge Lewis Nicholls, Judge Larry Thompson, the Kentucky Judicial Conduct Committee, and the Kentucky Bar Association. *Mischler v. Lambert*, No. 3:08-cv-231-M, 2008 WL 4327444 (W.D. Ky. Sept. 19, 2008). In this action brought pursuant to 42 U.S.C. § 1983, she accused the defendants of violating her constitutional rights. In particular, Ms. Mischler alleged that Chief Justice Lambert, the Judicial Conduct Commission, and the KBA failed to enforce the laws, regulations, and Supreme Court Rules of Kentucky in her divorce and custody actions. *Id.* at *3. Additionally, she asserted misconduct on behalf of Judge Nicholls and Judge Thompson in handling her divorce action and subsequent visitation orders. *Id.* at *4. The District Judge dismissed this action, finding that the KBA and Judicial Conduct Commission were both immune from liability under the Eleventh Amendment and her claims against Chief Justice Lambert, Judge Nicholls, and Judge Thompson were precluded by 42 U.S.C. § 1983. *Id.* at *5–6.

After failing in the 2008 federal suit, Ms. Mischler sought relief in Kentucky courts. During the divorce and custody battle, neither she nor Mr. Stevens objected to either Judge Thompson's recusal or Judge Paxton's appointment as Special Judge. *Mischler v. Thompson*,

436 S.W.3d 498, 500 (Ky. 2014). However, on August 5, 2011, Ms. Mischler petitioned the Kentucky Court of Appeals for a writ of mandamus against David Deskins, the former Pike Circuit Court Clerk, asserting that he should not have entered Judge Paxton's orders dismissing the domestic violence petitions. Ms. Mischler believes these orders "were void *ab initio*" because Judge Paxton lacked jurisdiction. *Id.* Several weeks later, she filed another challenge to the same dismissal orders, seeking writs of mandamus against Mr. Deskins, Judge Thompson, and Mr. Fred Hatfield, the former Pike County Trial Commissioner. *Id.* The Court of Appeals of Kentucky denied the petitions, finding no viable mandamus claims, and the Supreme Court of Kentucky affirmed. *Id.* at 504.

While that action was pending on appeal, Ms. Mischler filed two additional actions in the Eastern District of Kentucky. On January 28, 2013, she filed a complaint in the Pikeville Division alleging that the domestic relations proceedings violated her federal constitutional rights and seeking nullification of those proceedings. *Mischler v. Stevens*, No. 7:13-cv-08-TWP, 2014 WL 1378805 (E.D. Ky. April 8, 2014). In this complaint, she sued Mr. Stevens, Judge Larry Thompson, Judge Janie Wells, Judge John David Preston, Judge Julie Paxton, Judge Glenn E. Acree, Judge Joy A. Moore, Judge Laurence V. Van Meter, Laurie Dudgeon, the Estate of Glema Stevens (mother of Jonah Stevens), Anne Swain, Chief Justice John D. Minton, Jr., former Chief Justice Joseph Lambert, former Circuit Court Clerk David Deskins, Debbie Reynolds, Circuit Court Clerk Anna Pinson, Deputy Clerk Claudia King, Deputy Clerk Jennifer Gillespie, and Stephen Wolnitzek. *Id.* The District Judge screened her complaint under 28 U.S.C. § 1915(e)(2) and dismissed Judge Glenn Acree, Judge Joy A. Moore, Judge Laurence V. Van Meter, Laurie Dudgeon, the Estate of Glema Stevens, and Anne Swain on June 26, 2013.

*Mischler v. Stevens*, No. 7:13-cv-08-ART, 2013 WL 121180793 (E.D. Ky. July 9, 2013). Before

that, however, on May 13, 2013, Ms. Mischler filed *another* action in this Court, this time

against Susan Stokley Clary, Chief Justice John Minton, the Kentucky Supreme Court, Larrin

Thompson, Jack Conway, Laurie Dudgeon, and John Doe, alleging the defendants had

mishandled her filings and grievances in the Kentucky Supreme Court. *See Mischler v. Clary*,

No. 3:13-cv-26-TWP, 2016 WL 3140423 (Jan. 25, 2016). Action No. 3:13-cv-26-TWP was

ultimately consolidated with No. 7:13-cv-08.

These claims were ultimately dismissed, appealed, and then affirmed by the Sixth Circuit.

*See Mischler v. Stevens*, No. 16-6185, 2017 WL 3220480 (6th Cir. May 16, 2017); *Mischler v.

Stevens*, No. 14-5567 (6th Cir. Sept. 9, 2015). This most recent matter is the third suit Ms.

Mischler has filed in the Eastern District of Kentucky and the fourth suit filed in federal district

court alleging violations of her constitutional rights during her domestic violence proceedings in

2001 and 2002. Additionally, she has initiated at least thirteen actions in the Kentucky Court of

Appeals and ten actions before the Kentucky Supreme Court. [R. 14-1 at 1.]

After receiving the most recent unfavorable opinion on May 16, 2017, Ms. Mischler filed

this action on August 24, 2017. She alleges fraud and various violations of her constitutional

rights and seeks injunctive relief against Governor Bevin. [R. 1.]

## II

### A

While Ms. Mischler has requested "emergency relief," the text of her motion states she is

seeking a preliminary injunction.[2]  [R. 6 at 2.]  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (finding that issuance of a preliminary injunction "involv[es] the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it")).  To issue a preliminary injunction, the Court must consider: 1) whether the movant has shown a strong likelihood of success on the merits; 2) whether the movant will suffer irreparable harm if the injunction is not issued; 3) whether the issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuing the injunction.  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted).

Further, a court need not consider all of the factors if it is clear that there is no likelihood of success on the merits.  *See Amoco Protection Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n. 12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").  The Court of Appeals clarified that, "[w]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, the likelihood of success on the merits often will be the determinative factor."  *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (quoting *Obama for Am. v.*

---

[2] Courts generally apply a less stringent standard to pleadings made by pro se litigants.  *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

*Husted*, 697 F.3d 423, 436 (6th Cir. 2012)).  Even if Ms. Mischler is unable "to show a strong or substantial probability of ultimate success on the merits" an injunction can be issued when the plaintiff "at least shows serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant if an injunction is issued."  *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

Ms. Mischler specifically requests this Court to issue an injunction against Governor Matt Bevin and his employees, preventing them from destroying or altering specific records at the Cabinet for Health and Family Services.  [R. 6 at 2.]  However, at no point in her motion does Ms. Mischler attempt to address the factors outlined in *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*  She does not demonstrate any legal basis for her motion or explain how she will suffer irreparable harm with the injunction.  Unless Ms. Mischler can allege "certain and immediate, rather than speculative or theoretical," harm, granting emergency relief in her favor is inappropriate.  *Mich. Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).  Additionally, Governor Bevin has indicated the records for which Ms. Mischler seeks protection do not exist, and therefore, she is highly unlikely to succeed on the merits.  [R. 31 at 8.]

The Court remains unpersuaded that this case presents one of the extraordinary circumstances that require the issuance of a preliminary injunction.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002).  Here, Ms. Mischler has failed to do so.  Thus, the Court denies her Motion for preliminary injunction.

**B**

Many of the named defendants in Ms. Mischler's latest litigation chapter have filed various motions to dismiss. Despite two motions to extend her deadline for filing responses [R. 23, R. 39], Ms. Mischler has not yet responded to any of these motions. Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. A motion to dismiss under Rule 12(b)(1) is different from a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id*.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). With the exception of the claims against Stites & Harbison, Ms. Mischler's

complaint involves actions occurring during her divorce and custody proceedings. These proceedings concluded in 2009.

<p style="text-align:center">1</p>

In Count III, Ms. Mischler sues Attorney General Andy Beshear in his official capacity for the constructive termination of her parental rights under 42 U.S.C. § 1983. [R. 1 at 20.] Additionally, she sues Assistant Attorney General Jeffrey Prather and former Assistant Attorney General Craig Newbern in both their official and individual capacities. Ms. Mischler never completed service on Mr. Prather or Mr. Newbern in their individual capacities.[3] Additionally, Ms. Mischler asserts several claims in Counts I and II against Governor Matt Bevin and various employees of the Cabinet for Health and Family Services (CHFS) in their official capacities. Ms. Mischler never completed service on these employees in their individual capacities.[4] CHFS Deputy Secretary Timothy Feeley, CHFS Service Region Administrator Susan Howard, CHFS Service Region Administrator Associate Debra Wilcox-LeMaster, CHFS Field Service Office Supervisor Mike Hartlage, CHFS Deputy General Counsel Mona Womack, CHFS Internal Policy Analyst II Debbie Dile, former CHFS Regional Attorney Zack Ousley, Jane Doe, and unknown employee Emily Gray-Jones, along with "Kentucky Social Workers" Shereena Hamilton-Spurlock, Kathy Larder, Latoya Jones, Wilma Taylor, Gwen Hatfield, and Deborah

---

[3] Ms. Mischler served the Office of the Attorney General, which is sufficient to serve employees of this office in their official capacities. [R. 12.] However, official service to an agency does not qualify as service on individuals if that individual is named in his or her individual capacity. *See Ecclesiastical Order of the Ism of Am, Inc.*, 845 F.2d 113, 116 (6th Cir. 1988). Mr. Beshear, along with Mr. Prather and Mr. Newbern, filed a motion to dismiss these claims in their official capacities on November 14, 2017. [R. 19.] Ms. Mischler's response was ultimately due before January 15, 2018, but she has failed to respond. [R. 45.]

[4] Official service to an agency does not qualify as service on individuals if that individual is named in his or her individual capacity. *See Ecclesiastical Order of the Ism of Am, Inc.*, 845 F.2d at 116.

Webb filed a motion to dismiss as the "CHFS Official Defendants." [R. 29.] Governor Matt Bevin joined this motion.[5] *Id.*

To begin, Governor Bevin, the CHFS Defendants, Mr. Beshear, Mr. Prather, and Mr. Newbern, in their official capacities, are entitled to sovereign immunity under the Eleventh Amendment. A suit against an official acting in his or her official capacity is considered a suit against the office itself. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Unless the state has waived immunity, a plaintiff may not sue the state, state offices, or officials in their official capacity in federal court. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). Therefore, all claims Ms. Mischler asserts for damages against Governor Bevin, the CHFS Defendants, Mr. Beshear, Mr. Prather, and Mr. Newbern in their official capacities are barred under the Eleventh Amendment, and must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6). However, under *Ex Parte Young*, a plaintiff can sue to enjoin an official from violating federal law. 209 U.S. 123 (1908).

The claims against the Office of the Attorney General (OAG) relate to two events. First, in 2006, Ms. Mischler had contacted the OAG to complain about criminal wrongdoing by the Pike County Attorney in her domestic dispute. [R. 1 at ¶ 10.] The next event occurred in 2009, when Ms. Mischler served a subpoena on Judge Paxton and the OAG represented Judge Paxton to quash that subpoena. *Id.* at ¶¶ 43–44. Because she asserted a claim under § 1983, those claims must be brought within one year. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Ms. Mischler knew, or should have known, about these alleged injuries no later than

---

[5] This motion was filed on November 28, 2017, and the Local Rules of this Court require a response within twenty-one days of service of these motions. LR 7.1. Ms. Mischler has not filed a response or requested an extension of time.

2009, when her custody rights were terminated.  *Mischler v. Stevens*, No. 7:13-cv-08-TWP, 2014

WL 1378805 (E.D. Ky. April 8, 2014).  Therefore, these claims against the OAG are barred by

the statute of limitations.  The claims against Governor Bevin and the CHFS Defendants are also

time barred, as discussed below.

**2**

In Counts I and II, Ms. Mischler claims that CHFS records were falsified sometime

between 2006 and 2008, and that these documents were fraudulently used in her domestic

relations proceedings.[6]  [R. 1 at ¶¶ 55–68.]  These records document the CHFS investigation into

the allegations of domestic violence against Ms. Mischler.  She asserts that Ms. Selena Woods

Stevens conspired with Ms. Hamilton-Spurlock to falsify the Cabinet records used in her custody

proceeding.[7]  *Id.* at ¶¶ 8, 37.  During these proceedings, Judge Julie Wells ordered Dr. Sally

Brenzel to complete a custodial evaluation of Ms. Mischler.  In her evaluation, Dr. Brenzel

referenced records prepared by CHFS.  *Id.* at ¶ 62.  Ms. Mischler claims these records were

falsified, and in using those records in her report, Dr. Brenzel perpetuated that fraud.  *Id.*  She

acknowledges in her complaint that CHFS records were completed in 2008.  *Id.*  She also

acknowledges that she believed the records were false at the time when Dr. Brenzel used them in

---

[6] In these counts, Ms. Mischler names Defendants Emily Jones-Gray, Shereena Hamilton-Spurlock, Dr. Sally Brenzel, and Timothy Feeley.  Construing the complaint in favor of Ms. Mischler, based on the references to others in the body of the complaint, the Court also includes the CHFS defendants in their official and individual capacities as parties to the allegations of fraud.  *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

[7] Ms. Mischler names Ms. Stevens, in her individual capacity, as a defendant in the complaint, but fails to assert any claim for relief against her.  However, in the body of the complaint, Ms. Mischler asserts that Ms. Stevens conspired with Ms. Hamilton-Spurlock to falsify the Cabinet records used in her custody proceeding.  [R. 1 at ¶¶ 8, 37.]  Courts generally apply a less stringent standard to pleadings made by pro se litigants.  *See Pilgram*, 92 F.3d at 416; *Jourdan*, 951 F.2d at 110.  Therefore, this Court will construe Ms. Mischler's complaint to include the same § 1983 action and claims of fraud she alleges against Ms. Hamilton-Spurlock.

her child custody action. *Id.* at ¶ 38. The custody proceeding ended in 2009. *Mischler v. Stevens*, No. 7:13-cv-08-TWP, 2014 WL 1378805 (E.D. Ky. April 8, 2014). Dr. Brenzel, Ms. Stevens, and the CHFS Defendants have all filed motions to dismiss.[8]

For actions to recover for fraud, the plaintiff must bring the action within five years. Ky. Rev. Stat. § 413.120(11). This period begins running either when a plaintiff discovers the injury or should have reasonably discovered the injury. *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 796 (Ky. 2003). For fraud occurring in 2008, as Ms. Mischler alleges, the statute of limitations bars any action brought after 2013 unless the plaintiff can demonstrate a legal reason why the injury was not discovered until later. Ms. Mischler attempts to circumvent this by asserting she discovered in 2016 that Ms. Hamilton-Spurlock did not have jurisdiction. [R. 1 at ¶ 60.] She also claims that she was not given the documents until 2016. *Id.* at ¶ 67. But she also states that she knew the records were false when they were used in the custody action that concluded in 2009. *Id.* at ¶ 38. Therefore, she admits she was aware of this alleged injury when the records were used in 2009. An action for fraud based on these records must have been brought prior to the end of 2014, and Ms. Mischler did not file this complaint until August 24, 2017. Therefore, Counts I and II of Ms. Mischler's complaint, as they relate to claims of fraud, are barred by the applicable statute of limitations. Ms. Mischler has failed to state a claim of fraud for which relief may be granted.

Additionally, Count I includes a claim for Fourth Amendment violations, presumably brought under 42 U.S.C. § 1983. *Compare* [R. at ¶ 1] *with* [R. at ¶¶ 55–62.] This claim also

---

[8] Dr. Brenzel filed a Motion to Dismiss these claims on November 13, 2017. [R. 15.] Ms. Stevens filed a Motion to Dismiss on November 21, 2017. [R. 24.] Ms. Mischler's responses were ultimately due before January 15, 2018, but has failed to respond. [R. 45.]

relates to the use of fraudulent records in Ms. Mischler's domestic proceedings.  Again, Ms. Mischler has admitted she was aware of the use of the allegedly fraudulent records prior to the finalization of her divorce in 2009.  *Id.* at ¶ 38.  In actions brought under § 1983, the statute of limitations is defined by state law, but the date on which that statute of limitations begins to run is determined by federal law.  *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017).  The statute of limitations for an action brought under § 1983 began running when Ms. Mischler knew or had reason to know of her injury.  *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).  In Kentucky, the statute of limitations for a § 1983 action is only one year.  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Ms. Mischler's complaint makes clear that she was aware of the alleged fraud and falsified documentation when she told Dr. Brenzel they were inaccurate, prior to the end of her custody proceeding, in 2009.  [R. 1 at ¶ 38.]  Thus, at the latest, Ms. Mischler only had through the end of 2010 to bring her § 1983 claims relating to these documents. Because she failed to assert the claim until this action on August 24, 2017, it is barred by the applicable statute of limitations and must be dismissed.

**3**

In Count III, Ms. Mischler asserts a claim against Judge John David Preston, Judge Janie Wells, former Chief Justice Joseph Lambert, Judge Julie Paxton, and Judge Lewis Nicholls for wrongful termination of her parental rights.  [R. 1 at 20.][9]  Specifically, she claims that Judge Paxton had no legal jurisdiction over her domestic relations proceedings and that these

---

[9] Judge Preston and Judge Wells filed a motion to dismiss these claims on January 2, 2018.  [R. 43.]  Former Chief Justice Lambert, Judge Paxton, and Judge Nicholls filed a motion to dismiss the claims against them on January 11, 2018.  [R. 49.]  The Local Rules of this Court require a response within twenty-one days of service of these motions. LR 7.1. Ms. Mischler has not filed a response or requested an extension of time to file a response to either motion.

defendants had a duty to address this deficiency. *Id*. Additionally, Ms. Mischler alleges that Chief Justice Lambert bribed Judge Nicholls to deny Ms. Mischler any redress. *Id*.

Ms. Mischler does not claim that either Judge Preston or Judge Wells acted outside of their jurisdiction by failing to prevent Judge Paxton from presiding over her case. For suits arising out of their judicial functions, judges enjoy judicial immunity, and for § 1983 suits, judges enjoy absolute immunity. *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). This immunity is only overcome in situations when a plaintiff can demonstrate the actions were not judicial or if the judicial actions were taken without jurisdiction. *Id.* Ms. Mischler has not demonstrated this for either Judge Preston or Judge Wells.

She attempts to circumvent this immunity for Judge Paxton by claiming she acted outside of her jurisdiction. However, even if judicial immunity does not preclude action against these defendants, Ms. Mischler claims to have known that Judge Paxton did not have jurisdiction in 2006, when she requested investigation by Chief Justice Lambert and the Judicial Conduct Commission. [R. 1 at ¶ 23.] As addressed earlier, in Kentucky, a § 1983 action must be brought less than one year after the plaintiff knew or had reason to know of her injury. *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017); *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Because Ms. Mischler alleges to have known in 2006 of this injury, this complaint dated August 24, 2017, is nearly ten years too late. Ms. Mischler's claims relating to Judge Paxton's lack of jurisdiction for her case are barred by the statute of limitations and must be dismissed under Fed. R. Civ. Pro. 12(b)(6).

Further, Ms. Mischler alleges bribery among these judges to cover up Judge Paxton's lack of jurisdiction, but fails to adequately plead those claims.[10] Claims of conspiracy "must be pled with some degree of specificity," and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Guiterrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). The conclusory assertions that Justice Lambert bribed Judge Nicholls is not sufficient to state claims for conspiracy under § 1983. Ms. Mischler has not included any factual basis, other than her own belief, for these allegations.

**4**

The only claim against Stites & Harbison exists in Count III of Ms. Mischler's Complaint, a "Civil Rights Violation: Constructive Termination of Parental Rights."[11] [R. 1 at 20.] Ms. Mischler brings this claim pursuant to 42 U.S.C. § 1983, as a civil suit for deprivation of her constitutional rights. *Id.* at ¶ 1. However, to state a valid claim under § 1983, Ms. Mischler must establish both that she was "deprived of a right secured by the Constitution or the laws of the United States" and that this deprivation of her rights "was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). However, Stites & Harbison is a private law firm, not a government actor. [*See* R. 1 at ¶¶ 44–45.] A lawyer is not a state actor for the purposes of §

---

[10] These claims might also be barred by the statute of limitations, as Ms. Mischler fails to include any references to dates when the bribery allegedly occurred. Presumably, this occurred prior to Chief Justice Lambert's retirement from the bench in 2008. Ms. Mischler additionally fails to plead any reason why the statute of limitations should be tolled in this instance.

[11] Stites & Harbison filed a motion to dismiss on November 9, 2017. [R. 14.] Ms. Mischler's response was ultimately due before January 15, 2018, but she has failed to respond. [R. 45.]

1983, even if retained by state actors or appointed by government officials.  *See Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981).  Thus, under Fed. R. Civ. Pro. 12(b)(6), Ms. Mischler has failed to state a claim upon which relief can be granted against Stites & Harbison.

**5**

  Though suits for damages against Governor Bevin are prohibited by the Eleventh Amendment, under *Ex Parte Young*, a plaintiff can sue to enjoin an official from violating federal law.  209 U.S. 123 (1908).  Ms. Mischler has asserted a First Amendment violation against Governor Bevin for denying her an administrative hearing before the Cabinet.  [R. 1 at ¶¶ 77–79.]  According to the complaint, she filed a grievance against the Cabinet, was denied a favorable decision, and thus was harmed.  *Id.*  However, the First Amendment does not mandate successful redress of grievances.  *Canfora v. Olds*, 562 F.2d 363, 364 (6th Cir. 1977).  The First Amendment does not guarantee Ms. Mischler a right to compel government officials to act, and thus, she had no right to a hearing in this matter.  *Id.*; *see also Accord, Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).  Count IV fails to state a claim upon which the Court can grant Ms. Mischler relief.

  Finally, Ms. Mischler seeks injunctive relief from this Court, requesting an Order that Governor Bevin "enforce the law."  [R. 1 at ¶¶ 80–82.]  However, while *Ex Parte Young* does not bar a claim for injunctive relief, it does not apply to a suit against an official who "has neither enforced nor threatened to enforce the allegedly unconstitutional state statute."  *Children's Healthcare is a Legal Duty, Inc., v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996).  Governor Bevin has not threatened to enforce any unconstitutional act, and therefore, *Ex Parte Young* does not apply to abrogate Eleventh Amendment Immunity in this action.  *Id.*; *see also Kelley v.*

16

*Metropolitan Cnty. Bd. of Educ.*, 836 F.2d 986 (6th Cir. 1987). Count V must be dismissed

under Fed. R. Civ. Pro. 12(b)(1).

<p style="text-align:center">C</p>

Despite this Court's Order for Ms. Mischler to complete service on all named defendants

by December 18, 2017, several defendants in this case have not yet been served. [R. 25.]

Assistant Attorney General Jeffrey Prather and former Assistant Attorney General Craig

Newborn were sued in their individual and official capacities, however, they were only served in

their official capacities. [R. 19-1 at 2, n.1.] Additionally, Ms. Mischler named Timothy Feeley,

Susan Howard, Debra Wilcox-LeMaster, Kathy larder, Deborah Webb, Shereena Hamilton-

Spurlock, Latoya Jones, Wilma Taylor, Mike Hartlage, Gwen Hatfield, Mona Womack, and

Debbie Dile, the "CHFS Individual Defendants," in their individual and official capacities, but

did not serve them individually. [R. 29-2 at 1, n.3.] Ms. Mischler also sued Pike County

Attorney Howard Keith Hall in his official and individual capacity. However, Ms. Mischler has

not served Mr. Hall in either his official or individual capacity. It has now been over six months

since Ms. Mischler filed her complaint and nearly two months since Ms. Mischler's deadline to

serve the remaining defendants. Despite not being served, Shereena Hamilton-Spurlock,

Deborah Webb, and Debra Wilcox-LeMaster filed a Motion to Dismiss for Lack of Jurisdiction

on February 23, 2018.[12] [R. 52.]

Courts generally apply a less stringent standard to pleadings made by pro se litigants.

*See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110

---

[12] Despite not being sued in their individual capacities, Emily Gray-Jones and Zack Ousley have joined in this motion. The Local Rules of this Court require a response within twenty-one days of service of these motions. LR 7.1. Ms. Mischler has not filed a response or requested an extension of time.

(6th Cir. 1991). Using this less stringent standard, as addressed above, this Court has construed Ms. Mischler's Complaint as an action brought pursuant to 42 U.S.C. § 1983, or in the alternative, an action to recover for fraud. Regardless, except for the claims against Stites & Harbison, the Court has determined that the alleged acts in this matter all occurred prior to the conclusion of Ms. Mischler's domestic proceedings in 2009.[13] An action brought pursuant to § 1983 must be asserted within one year of when she knew, or should have known, about the conduct giving rise to the action. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). For actions to recover for fraud, the plaintiff must bring the action within five years. Ky. Rev. Stat. § 413.120. Ms. Mischler filed this Complaint on August 24, 2017, well after either statute of limitations had expired. All of Ms. Mischler's claims against the defendants she has not yet served are time-barred.

"When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint as frivolous is appropriate." *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002); *see also Norwood v. Michigan Dept. of Corrections*, 67 F. App'x 286, 288 (6th Cir. 2003). Here, the statute of limitations is obvious from the face of the complaint, as Ms. Mischler asserts all conduct occurred in Kentucky and admits the Kentucky statute of limitations is appropriate. [R. 1 at ¶ 58.] Even if the facts in this complaint are true, Ms. Mischler has demonstrated awareness of this ongoing issue by filing multiple lawsuits over the last twenty years. The issues arising from her domestic violence proceedings are barred by the applicable statutes of limitations. Thus, the

---

[13] The claims against Stites and Harbison concern the representation of the parties in Ms. Mischler's previous actions, which did not conclude until the appeal was final in 2017. [R. 1 at ¶ 76.]

Court grants the motion of Shereena Hamilton-Spurlock, Deborah Webb, and Debra Wilcox-LeMaster in their individual capacities. Additionally, the Court *sua sponte* dismisses the complaint against Defendant Howard Keith Hall in his official capacity and Defendants Howard Keith Hall, Timothy Feeley, Susan Howard, Kathy Larder, Latoya Jones, Wilma Taylor, Mike Hartlage, Gwen Hatfield, Jeffrey Prather, Craig Newborn, Mona Womack, and Debbie Dile in their individual capacities as barred by the applicable statute of limitations under Rule 12(b)(6).

## D

Defendant Matt Bevin and the CHFS Official Defendants requested filing restrictions and monetary sanctions against Ms. Mischler. [R. 30.] Stites & Harbison joined in this motion [R. 32] as did several CHFS Individual Defendants [R. 53]. The Court finds that without some sort of deterrent, Ms. Mischler will only continue her attempts to re-litigate these issues.

Ms. Mischler was aware that § 1983 claims must be brought within a year after she discovered, or should have discovered, her injury. In fact, the Sixth Circuit upheld dismissal of her last civil suit on May 16, 2017, because her § 1983 claim was barred. *Mischler v. Stevens*, No. 16-6185, 2017 WL 3220480, at *2 (6th Cir. May 16, 2017). To remedy this, Ms. Mischler changed the defendants, added a claim of fraud, and alleged she did not discover such fraud until 2016. [R. 1.] However, regardless of whom she sues, or how she drafts the complaint, these actions are simply attempts to attack collaterally the domestic relations orders leading to her loss of parental rights. This is the fourth federal action that followed many other state court actions for similar claims of bias, fraud, and violations of her constitutional rights. Ms. Mischler has clearly demonstrated that she will not stop this litigation until she achieves custody of her children or damages for her loss, something this Court cannot grant her. *See Rooker v. Fidelity*

*Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Several courts in this district have now reviewed Ms. Mischler's claims and found them to be without merit, two of which have been affirmed by the Sixth Circuit. Each time she files a new action, she consumes the finite resources of the courts and forces defendants to pay attorneys to litigate meritless actions. This Court does not take lightly the sanctioning of any litigant, especially those proceeding *pro se*. However, this Court has a duty to ensure the Defendants do not need to defend themselves constantly just because Ms. Mischler persists. *See Anderson v. Dickson*, ___ F. App'x ___, No. 16-6290, 2017 WL 4862432 (6th Cir. Oct. 27, 2017). Thus, the Court finds sanctions appropriate in this matter.

Though an absolute bar from further litigation is too broad, a Court may impose pre-filing restrictions for matters with historically repetitive litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). If Ms. Mischler chooses to file another action in this Court, she must first seek permission and demonstrate that her claims are not frivolous and are not brought for an improper purpose. Additionally, while the Court does not impose monetary penalties at this time, Ms. Mischler is warned that future frivolous litigation may result in financial sanctions.

### III

Ms. Mischler did not appeal the order domestic relations orders that removed her children from her custody. Instead, she has attempted several times to challenge those orders in other courts, inventing new conspiracies and allegations against the state agencies and parties involved in those domestic proceedings. However, a Federal District Court cannot review state court

decisions, and her various claims against these parties do not evidence conspiracy to deprive her of her constitutional rights. Ms. Mischler's proper course of action was to appeal the decisions of the Pike Circuit Court if she believed those decisions were made in error, not file multiple frivolous actions in federal court. Accordingly, for the aforementioned reasons, it is hereby **ORDERED** as follows:

1.      Plaintiff Mischler's Emergency Motion for Preliminary Injunction [**R. 6**] is **DENIED**;

2.      The Motion to Dismiss filed by Defendant Stites & Harbison [**R. 14**] is **GRANTED** and the claims asserted by Plaintiff Mischler against Defendant Stites & Harbison are **DISMISSED WITH PREJUDICE**;

3.      The Motion to Dismiss filed by Defendant Sally Brenzel [**R. 15**] is **GRANTED**, and the claims asserted by Plaintiff Mischler against Defendant Sally Brenzel are **DISMISSED WITH PREJUDICE**;

4.      The Motions to Dismiss filed by Defendant Selena Woody Stevens [**R. 16; R. 24**] are **GRANTED**, and the claims asserted by Plaintiff Mischler against Defendant Selena Woody Stevens are **DISMISSED WITH PREJUDICE**;

5.      The Motion to Dismiss filed by Defendants Andy Beshear, Craig Newborn, and Jeffrey Prather [**R. 19**] is **GRANTED**, and the claims asserted by Plaintiff Mischler against Defendants Andy Beshear, Craig Newborn, and Jeffrey Prather in their official capacities are **DISMISSED WITH PREJUDICE**;

6.      The Motion to Dismiss filed by Defendants Matt Bevin, Debbie Dile, Jane Doe, Timothy Feeley, Emily Gray-Jones, Shereena Hamilton-Spurlock, Mike Hartlage, Gwen

Hatfield, Susan Howard, Latoya Jones, Kathy Larder, Zack Ousley, Wilma Taylor, Debra Wilcox-LeMaster, Mona Womack, and Deborah Webb [**R. 29**] is **GRANTED**, and the claims asserted by Plaintiff Mischler against Defendants Matt Bevin, Debbie Dile, Jane Doe, Emily Gray-Jones, Shereena Hamilton-Spurlock, Mike Hartlage, Gwen Hatfield, Susan Howard, Latoya Jones, Kathy Larder, Zack Ousley, Wilma Taylor, Debra Wilcox-LeMaster, Mona Womack, and Deborah Webb in their official capacities are **DISMISSED WITH PREJUDICE**;

7.      The Motion to Dismiss filed by Defendants John David Preston and Janie Wells [**R. 43**] is **GRANTED**, and the claims asserted by Plaintiff Mischler against Defendants John David Preston and Janie Wells are **DISMISSED WITH PREJUDICE;**

8.      The Motion to Dismiss filed by Defendants Joseph Lambert, Lewis Nicholls, and Julie Paxton [**R. 49**] is **GRANTED**, and the claims asserted by Plaintiff Mischler against Defendants Joseph Lambert, Lewis Nicholls, and Julie Paxton are **DISMISSED WITH PREJUDICE**;

9.      The Motion to Dismiss filed by Defendants Emily Gray-Jones, Shereena Hamilton-Spurlock, Zack Ousley, Deborah Webb, and Debra Wilcox-LeMaster [**R. 52**] is **GRANTED**, and the claims asserted by Plaintiff Mischler against Defendants Emily Gray-Jones, Shereena Hamilton-Spurlock, Zack Ousley, Deborah Webb, and Debra Wilcox-LeMaster in their individual capacities are **DISMISSED WITH PREJUDICE**;

10.      The claims asserted by Plaintiff Mischler against Defendant Howard Keith Hall in his official capacity are *sua sponte* **DISMISSED WITH PREJUDICE**;

11.      The claims asserted by Plaintiff Mischler against Defendants Howard Keith Hall, Timothy Feeley, Susan Howard, Kathy Larder, Latoya Jones, Wilma Taylor, Mike Hartlage,

Gwen Hatfield, Jeffrey Prather, Craig Newborn, Mona Womack, and Debbie Dile in their individual capacities are *sua sponte* **DISMISSED WITH PREJUDICE**;

12.     The Motions for Sanctions filed by Defendants Matt Bevin, Stites & Harbison, Emily Gray-Jones, Shereena Hamilton-Spurlock, Zack Ousley, Deborah Webb, and Debra Wilcox-LeMaster [**R. 30; R. 32; R. 53**] are **GRANTED**;

13.     Ms. Mischler is **ORDERED** to seek permission from this Court before filing any future litigation, demonstrating that the claim(s) she intends to assert are not frivolous and that the suit is not brought for an improper purpose;

14.     Ms. Mischler is **WARNED** that future frivolous litigation will result in monetary sanctions; and

15.     This matter is **STRICKEN** from the Court's active docket.

This the 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge